SO ORDERED.
SIGNED 16th day of April, 2025

_____
Nancy B. King
U.S. Bankruptcy Judge

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



mk

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

DEBTORS **HARRY EDWARD PARISH JR**      Case No. **25-00373-NK3-13**
**DELICIA ANN PARISH**
**SSN XXX-XX- 5718  SSN XXX-XX- 9495**

## ORDER CONFIRMING CHAPTER 13 PLAN AND GRANTING RELATED MOTIONS

## CONFIRMED WITH CHANGES

The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed under § 521(i). The Court further finds that it is in the best interests of creditors and the estate to confirm this case.

The debtors' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325 and all timely objections to confirmation have been withdrawn, resolved, or overruled. It is, therefore, ORDERED:

1. The plan is confirmed as set out below.

2. A timely proof of claim must be filed before the creditor will be paid under the plan.

3. The debtors shall not incur any debts without approval from the trustee or this Court, except debts necessary for emergency medical or hospital care.

4. The debtors shall not reduce the amounts withheld for taxes on a W-4 submitted to an employer without approval of the trustee or the Court.

5. The trustee shall deduct permitted compensation and expenses in accordance with 28 U.S.C. §586(e).

6. Before making any disbursements to creditors under the plan, the trustee shall disburse to the Court Clerk the sum of **$313.00** for filing fees.

7. The debtors shall be responsible for the preservation and protection-including insurance-of all property of the estate.

8. The trustee and the debtors retain the right to object to any claims or supplements to claims and to pursue any causes of action for the benefit of the debtors or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

# PART 1:  NOTICES

The confirmed plan **DOES** include nonstandard provisions, set out in Part 9 below.

This order is final and binding under 11 U.S.C. § 1327 upon entry of the order. This order may include provisions different than what was contained in the original plan. Parties are encouraged to carefully review the terms of this order and the previously noticed plan. Any request to reconsider the terms of this order should be raised within 14 days.

An exhibit attached to this order lists the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

# PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**Debtors will make payments to the trustee as follows**:

**$4,563.00 MONTHLY  from HARRY EDWARD PARISH JR (DIRECT PAY)**

The plan is expected to last approximately **60** months. The plan will not be complete unless the payments to creditors specified in this order have been made.

**Plan "base" and income tax refunds:**

Debtors shall pay to the trustee a minimum amount, called a "base," of **N/A**.

Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in § 5.1.

# PART 3:  TREATMENT OF SECURED CLAIMS

### 3.1 Maintenance of payments and cure of default under 11 U.S.C. § 1322(b)(5).

Installment payments on the secured claims listed below will be maintained, and any arrearage through the month of confirmation will be paid in full as stated below. Both the installment payments and the amounts to cure the arrearage will be disbursed by the trustee.

Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the current installment payment and arrearage. After confirmation of the plan, the trustee shall adjust the installment payments below in accordance with any such proof of claim and any Notice of Mortgage Payment Change filed under Rule 3002.1. The trustee shall adjust the plan payment in Part 2 in accordance with any adjustment to an installment payment and shall file a notice of the adjustment and deliver a copy to the debtor, the debtor's attorney, the creditor, and the U.S. Trustee, but if an adjustment is less than $25 per month, the trustee shall have the discretion to adjust only the installment payment without adjusting the payments under Part 2. The trustee is further authorized to pay any postpetition fee, expense, or charge, notice of which is filed under Bankruptcy Rule 3002.1 and as to which no objection is raised, at the same disbursement level as the arrearage.

Confirmation of this Plan imposes on any claimholder listed below the obligation to:
- Apply arrearage payments received from the trustee only to such arrearages.
- Treat the obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties, or other charges.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Creditor/Collateral | Current monthly payment (including escrow) | Amount of arrearage | Last month in prepetition arrearage | Monthly paymt on arr, if any |
|---|---|---|---|---|
| LAKEVIEW LOAN SERVICING LLC | $1,579.34 | Prepetition: $755.69 | 01/25 | pro rata |
| MTG CONT 301 MOORE AVE | | Gap payments: $4,738.02 | | pro rata |
| | | Months in gap: FEB 2025-APR 2025 | | |

### 3.2 Valuation of security and claim modification.

For each claim listed below, the Court determines the value of the creditor's interest in any property securing the claim in accordance with the amount stated in the column headed *Value securing claim*. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim amount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The amount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount stated

below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a)  payment of the underlying debt determined under nonbankruptcy law, or

(b)  discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| **Creditor/Collateral** | **Amount of Claim** | **Value securing** | **Value of collateral less than Claim?** | **Interest Rate** | **Monthly Payment** |
|---|---|---|---|---|---|
| AMERICREDIT FINANCIAL SERVICES INC<br>2020 CHEVROLET SILVERADO 1500 | $22,886.65 | $22,886.65 | No | 8.75% | $473.00 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

--------------- NONE ---------------

**3.4 Lien avoidance.**

--------------- NONE ---------------

**3.5 Surrender of collateral.**

The debtors surrender to each creditor below the listed collateral. The stay under 11 U.S.C. § 362(a) is terminated as to the collateral only and the stay under § 1301 is terminated in all respects. Any allowed unsecured claim resulting from disposition of surrendered collateral will be treated as an unsecured claim under § 5.1. Unless specified in Part 9 or a separate notice of abandonment, the trustee has not abandoned the estate's interest in the collateral.

| **Name of creditor** | **Collateral** | **Ant. Deficiency** |
|---|---|---|
| MERCEDES BENZ FINANCIAL SERVICES USA LLC | 2024 MERCEDES GLE 350 | $0.00 |
| SANTANDER CONSUMER USA INC | 2020 BUICK ENCLAVE CODEBTOR COSIGNED FOR DAUGHTER | $0.00 |

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |
|---|---|---|---|

# PART 4: TREATMENT OF PRIORITY CLAIMS (INCLUDING ATTORNEY'S FEES AND DOMESTIC SUPPORT OBLIGATIONS)

**4.1 Attorney's fees.**

The balance of fees currently owed to **CHRISTOPHER M KERNEY** is **$4,700.00**. The total fee awarded to the attorney is **$4,700.00** .

The balance of fees awarded by this order and any additional fees that may be awarded shall be paid through the trustee as follows: **Available funds**.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.**

----------NONE----------

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

----------NONE----------

**4.3 Other priority claims.**

----------NONE----------

# PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS AND POSTPETITION CLAIMS

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. A minimum sum of **-0-** and a minimum dividend of **100.000**% shall be paid to these claims. Any funds remaining after disbursements have been made to all other creditors provided for in this plan shall also be distributed to these claims.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.**

**Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of 8.50%.**

**5.3 Maintenance of payments and cure of default on nonpriority unsecured claims.**

--------------- NONE ---------------

**5.4 Separately classified nonpriority unsecured claims.**

Chapter 13 Plan     Page 5 of 11

Case 3:25-bk-00373   Doc 25   Filed 04/16/25   Entered 04/16/25 16:04:59   Desc Main
Document      Page 5 of 11

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |
|---|---|---|---|

-------------- NONE --------------

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

----------NONE----------

**PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**6.1 The executory contracts and unexpired leases listed below are assumed and treated as specified. All other executory contracts and unexpired leases are rejected.**

-------------- NONE --------------

**PART 7: ORDER OF DISTRIBUTION OF AVAILABLE FUNDS BY TRUSTEE**

**7.1 The trustee will make monthly disbursements of available funds in the order indicated by the "disbursement levels" in the attached Exhibit.**

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan for any disbursement level, the trustee shall allocate available funds to the claims in that disbursement level pro rata. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee shall withhold the partial payment amount and treat the amount as available funds in the following month.

**PART 8: VESTING OF PROPERTY OF THE ESTATE**

**8.1 Property of the estate will vest in the debtors upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is specified below:**

**PART 9: NONSTANDARD PLAN PROVISIONS**

**Surrender (STORAGE) to ADVANCED CLIMATE STORAGE per rejected contract.**

**The plan provides relief from the codebtor stay to SANTANDER CONSUMER USA INC. (2020 BUICK ENCLAVE CODEBTOR COSIGNED FOR DAUGHTER SURRENDER)**

Chapter 13 Plan	Page 6 of 11

Case 3:25-bk-00373   Doc 25   Filed 04/16/25   Entered 04/16/25 16:04:59   Desc Main
Document     Page 6 of 11

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |

## Student Loan IDR Plan Provisions

I. **Continuation of IDR Plan During Bankruptcy.** For the following claims, the plan provides to maintain income-driven repayment ("IDR") plan payments for student loan debt. The pendency of this bankruptcy case shall not disqualify the Debtor from participation in any IDR plan for which Debtor would otherwise be qualified and shall not disqualify any otherwise-qualifying IDR plan payment disbursed under this plan. The trustee shall disburse the following IDR plan payments, subject to allowance of the claims.

| Claimholder/Servicer | Acct # (last 4) | Estimated balance(s) | IDR Plan Payment | Claim # (if known) |
|---|---|---|---|---|
| US DEPARTMENT OF EDUCATION NELNET | 9495 | $35,323.08 | $155.47 | 6 |

II. **Timeliness and Application of IDR Payments.** Unless the Court orders otherwise, the Trustee will not disburse IDR plan payments until confirmation of the Chapter 13 plan and allowance of the claim. The Chapter 13 plan, therefore, provides to cure any IDR plan payment arrearage that accrues prior to the first disbursement under the Chapter 13 plan. If the claimholder does not treat the IDR plan payments included in this cure amount as qualifying IDR plan payments, the claimholder shall temporarily suspend collections by placing the loan in a status such as "forbearance" or "cessation of payment" until the later of confirmation of the Chapter 13 plan or allowance of the claim, and the claimholder shall not apply any disbursements for the cure amount in a way that would advance the due date under the IDR plan.

The Debtor may request modification of the due date for the Debtor's monthly IDR plan payment to help ensure timely application of IDR plan payments disbursed by the Trustee. The absence of a request by the Debtor does not modify the duties of the claimholder or servicer in applying any IDR plan payments disbursed by the Trustee.

III. **Annual Certification and Payment Adjustment.** The Debtor shall annually certify (or as otherwise required by the claimholder) the Debtor's income and family size and shall file with the Court a notice of any adjustment (increase or decrease) to any monthly IDR plan payment resulting from an annual certification at least 21 days prior to the effective date of the change. The Trustee is authorized to adjust both the IDR plan payments to be disbursed to the claimholder and the Chapter 13 plan payment based on any notice of an IDR plan payment adjustment. The Trustee has the discretion to adjust the Chapter 13 plan payment by less than the change to the IDR plan payment.

IV. **Dischargeability of Student Loan Debt.** This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |
|---|---|---|---|

**V. Waiver of Automatic Stay.** The Debtor expressly waives the application of the automatic stay under § 362(a) as to all communications concerning the IDR plan and as to all loan servicing and administrative actions concerning the IDR plan to the extent necessary to effectuate this Chapter 13 plan.

**VI. Opportunity for Claimholder to Cure.** Before instituting any action against a federal student loan claimholder under 11 U.S.C. § 362 or for failure to comply with this plan, the Debtor first shall give notice in writing by letter describing any alleged action that is contrary to the plan or 11 U.S.C. § 362(a) and provide a reasonable opportunity to review and, if appropriate, correct such actions. Any notice given under this provision must include the Debtor's name, bankruptcy case number, and identification of the federal student loans, and must be mailed to:

> [Title IV Loan Holder Name]
> c/o The United States Attorney's Office
> Middle District of Tennessee
> Thompson Federal Courthouse
> Ste 3300
> 719 Church Street
> Nashville, Tennessee 37203

Approved:

/s/CHRISTOPHER M KERNEY
CHRISTOPHER M KERNEY
ATTY FOR THE DEBTOR
519 SOUTH WATER AVE
GALLATIN, TN  37066
615-206-9900
chris@kerneylaw.com

Original 341 Date: **March 18, 2025  10:30 am**
Case no: **25-00373-NK3-13**
Printed: **04/16/2025**          **8:13 am**

Chapter 13 Plan                                                                                                         Page 8 of 11

Case 3:25-bk-00373    Doc 25    Filed 04/16/25    Entered 04/16/25 16:04:59    Desc Main
Document    Page 8 of 11

| | Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |

# EXHIBIT

## SCHEDULED AND ALLOWED CLAIMS AND ORDER OF DISTRIBUTION

The list below identifies the claims treated under this confirmed plan as of the submission of this order to the Court. This list is subject to modification based on the subsequent allowance or disallowance of claims.

The "disbursement level" indicates the order of distribution on a monthly basis. See Part 7 of the attached Order.

* An asterisk next to a claim indicates that a proof of claim has been filed for the listed creditor. No disbursements will be made on any claim pursuant to the plan unless a timely proof of claim is filed.

! An exclamation mark next to a claim indicates the trustee has placed a "reserve" on the claim and will withhold disbursements pending a further determination. For information about a "reserve" contact the trustee's office.

| | Name of Creditor | Type of Claim | Order of Distribution |
|---|---|---|---|
| | US BANKRUPTCY COURT | FILING FEE | 1 |
| * | AMERICREDIT FINANCIAL SERVICES 2020 CHEVROLET SILVERADO 1500 | AUTOMOBILE LOAN | 2 |
| * | LAKEVIEW LOAN SERVICING LLC MTG CONT 301 MOORE AVE | MTG-ON GOING MTG PYMT | 2 |
| * | US DEPARTMENT OF EDUCATION NE STUDENT LOAN | UNSECURED-IDR-STUDENT LOAN-CONT | 2 |
| | CHRISTOPHER M KERNEY | ATTORNEY FEE | 3 |
| * | LAKEVIEW LOAN SERVICING LLC FEB TO APR 2025 301 MOORE AVE | MTG-GAP PYMTS (POST PET/PRE CONF) | 4 |
| * | LAKEVIEW LOAN SERVICING LLC MTG ARRS 301 MOORE AVE THRU JAN 2025 | MTG-PRE-PETITION ARREARS | 4 |
| | AMERICAN EXPRESS | UNSECURED/SPECIAL | 5 |
| * | AMERICAN EXPRESS NATIONAL BAN | UNSECURED/SPECIAL | 5 |
| * | AMERICAN EXPRESS NATIONAL BAN CC 2024CV5830 | UNSECURED/SPECIAL | 5 |
| | APPLE CARD | UNSECURED/SPECIAL | 5 |
| * | ASCEND FEDERAL CREDIT UNION | UNSECURED/SPECIAL | 5 |

Chapter 13 Plan    Page 9 of 11

Case 3:25-bk-00373    Doc 25    Filed 04/16/25    Entered 04/16/25 16:04:59    Desc Main
Document    Page 9 of 11

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | VISA | | |
| | BRINKS HOME | UNSECURED/SPECIAL | 5 |
| | BUSINESS REVENUE SYSTEMS | UNSECURED/SPECIAL | 5 |
| | CHASE | UNSECURED/SPECIAL | 5 |
| | COMPREHENSIVE RHEUMATOLOGY | UNSECURED/SPECIAL | 5 |
| * | DISCOVER BANK CC | UNSECURED/SPECIAL | 5 |
| * | DISCOVER BANK CC | UNSECURED/SPECIAL | 5 |
| | FROST ARNETT | UNSECURED/SPECIAL | 5 |
| | FROST ARNETT | UNSECURED/SPECIAL | 5 |
| | FROST ARNETT | UNSECURED/SPECIAL | 5 |
| * | HENDERSONVILLE MEDICAL CENTE | UNSECURED/SPECIAL | 5 |
| * | HENDERSONVILLE MEDICAL CENTE TRISTAR | UNSECURED/SPECIAL | 5 |
| * | HENDERSONVILLE MEDICAL CENTE NPAS SOLUTIONS | UNSECURED/SPECIAL | 5 |
| * | HENDERSONVILLE MEDICAL CENTE MEDICREDIT | UNSECURED/SPECIAL | 5 |
| | HOSPITAL MEDICINE SERVICES OF T | UNSECURED/SPECIAL | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC CC VENMO | UNSECURED/SPECIAL | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC MASTERCARD SAMS CLUB | UNSECURED/SPECIAL | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC CC AMAZON | UNSECURED/SPECIAL | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC MASTERCARD CAPITAL ONE | UNSECURED/SPECIAL | 5 |
| * | JEFFERSON CAPITAL SYSTEMS LLC MASTERCARD CAPITAL ONE | UNSECURED/SPECIAL | 5 |

| Debtors | PARISH JR and PARISH | Case number | 25-00373-NK3-13 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| * | JPMORGAN CHASE BANK NA CC SOUTHWEST RAPID REWARDS | UNSECURED/SPECIAL | 5 |
| * | JPMORGAN CHASE BANK NA CC MARRIOTT BONVOY | UNSECURED/SPECIAL | 5 |
| * | JPMORGAN CHASE BANK NA CC SOUTHWEST RAPID REWARDS | UNSECURED/SPECIAL | 5 |
| | KOHLS | UNSECURED/SPECIAL | 5 |
| | MEDICREDIT | UNSECURED/SPECIAL | 5 |
| | NASHVILLE ADJUSTMENT BUREAU | UNSECURED/SPECIAL | 5 |
| | NASHVILLE SKIN CARE | UNSECURED/SPECIAL | 5 |
| * | NAVY FEDERAL CREDIT UNION MASTERCARD 2025CV279 | UNSECURED/SPECIAL | 5 |
| | NPAS SOLUTIONS | UNSECURED/SPECIAL | 5 |
| | PATHOLOGY ASSOC OF ST THOMAS | UNSECURED/SPECIAL | 5 |
| * | PORTFOLIO RECOVERY ASSOCIATES CC OLD NAVY | UNSECURED/SPECIAL | 5 |
| * | RESURGENT RECEIVABLES LLC CC CITIBANK | UNSECURED/SPECIAL | 5 |
| | STAR PHYSICAL THERAPY | UNSECURED/SPECIAL | 5 |
| | STAR PHYSICAL THERAPY | UNSECURED/SPECIAL | 5 |
| | TENNESSEE HEART AND VASCULAR | UNSECURED/SPECIAL | 5 |
| | TOA | UNSECURED/SPECIAL | 5 |
| | TRISTAR MEDICAL GROUP | UNSECURED/SPECIAL | 5 |
| | UNITED COLLECTION BUREAU | UNSECURED/SPECIAL | 5 |
| | VANDERBILT HEALTH | UNSECURED/SPECIAL | 5 |
| | VANDERBILT HEALTH | UNSECURED/SPECIAL | 5 |
| * | VERIZON | UNSECURED/SPECIAL | 5 |
| | 1305 CLAIM | UNSECURED - 1305 | 6 |